Seawell, J.
We are called upon in this case to say whether the plaintiffs have made out a legal title to the premises in question? and it is admitted they have, unless. Holden, their father, parted with it in his lifetime. The only act done by him was an endorsement upon a sheriff’s deed, in which the premises were conveyed by the sheriff to a purchaser under an execution, which by the statement appears unsupported by any judgment. The sheriff therefore, had no authority to sell. By this endorsement the father declare that in virtue of the authority derived from the will of his testator, he confirms the sale. These if not the words, are at least their substance. Now it may be laid down as the general doctrine in relation to the execution of powers, that it is not necessary to recite that the act is done in virtue of the power ; but that it is sufficient execution if it can be done only in virtue of the power; for though the form of executing may not suggest the execution of a power, yet the purpose of the act done, can only be explained by resorting to the power : and the maxim is, that it is immaterial whether the intention be collected from the words used or the acts done. Quia non refert au quis intentionem suam declaret, verbis, au rebus ipsis vel factis. And on the other hand, it is equally clear, as this intention is to guide and give efficacy to the act, that where a party has both power and interest, and he does not act purporting to be in virtue of his interest, that he shall be held to intend that, and not to exercise his power.—Sir Edward Cleaves's case and 10 Vesey, jr. 346, present Lord Chancellor in the case of Maundrell, 2 Maundrell.—And this therefore at once disposes of all that has been said upon the subject of estoppel. For if the endorsement only professed to be in execution of a power, the party making it can only be concluded from denying any *573 of the facts affirmed by him; and if it should be suggest ed that it may operate as the confirmation, the answer has already been given, that the endorsment excludes the idea of the exercise of any personal dominion. And indeed it is essential to the operation of every confirmation, that there should be some estate, though voidable, for it to act upon ; the maxim there being, confirmatio est nulla, ubi donum precedens est invalidum, it may make a voidable estate good, but can give no effect to one that is void.—Co. Lit. title Confirmation.
The sheriff could convey by his deed nothing but what old Wade had, and he having nothing, the deed was void. Whatever title is claimed, from the effect of the endorsement, is at last referrible to the testator’s will. The executors as trustees are only as instruments to effectuate the devise. The father of the plaintiffs has therefore done nothing which, in law, has passed his interest, and whether he ought in justice and equity to be restrained from asserting it, must be referred to those courts, to whom the jurisprudence of our country has confided the power of deciding. It may turn out that the father was guilty of a fraud; or it may be the case, he acted under a mistake. If the former, he would be compelled to convey. If the latter, it would be unjust he should lose his land.
Taylor, C. J.
The land sued for in this action was no part of the estate of Thomas Wade, sen. at the time of the judgment against his executors. He had conveyed it in his lifetime to George Wade, upon whose death it descended to his brothers Holden and Thomas Wade. The recital in the sheriff’s deed, therefore, that Thomas Wade, sen. was seised in fee of that tract when the execution was levied, is not founded in fact. But it is contended by the defendant that this land being sold by the sheriff, and his sale confirmed by the executors, their heirs are now *574 estopped to claim it. But I am of opinion that this would be to give a forced interpretation to their endorsement on the deed. For from the very terms of it, they profess to act only in pursuance of the power given to them by the will of their father, viz. to sell and dispose of his lands for the payment of his debts. And it seems an unlikely circumstance that they should intend to confirm the sale of a tract of land belonging to themselves, for the same purpose, when it was not derived by descent from the father. It is possible that in a sale of so many tracts, not less than eight or nine, comprehended in the same deed, they might not have distinguished this one, which certainly the sheriff had no right to sell. Nor do I think that the cases relied upon prove that the plaintiffs are estopped to claim.—They proceed on the common principle that a tenant shall not deny the title of his landlord. But the question here is, whether persons acting in the character of executors, and with an express reference to the power conferred by the will, shall convey lands not belonging to the testator ? I think the deed is not so to be understood, for Lord Coke says that every estoppel must be certain to every intent, and not taken by argument or inference;—that it ought to have a precise affirmation of that which maketh the estoppel.—1 Co. Lit. 352. b.
Judgment for the plaintiff.